UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MEE JIN-JO,

                              Plaintiff,

                                                    **DECISION AND ORDER**
                                                    08-CV-230A
        v.


JPMC SPECIALTY MORTGAGE LLC,[1]

                              Defendant.


## INTRODUCTION

*Pro se* plaintiff Mee Jin-Jo has filed numerous motions that are currently

pending, including a motion for recusal.  Defendant has made a motion to dismiss

this case for lack of subject-matter jurisdiction, arguing that plaintiff's claims suffer

from multiple legal defects that leave her without available remedies.  Each of the

pending motions will be addressed separately below.

## BACKGROUND

This case concerns a foreclosure of a property located at 187 West 5th

Street in Corning, New York (the "Property").  According to the complaint, plaintiff

was a tenant of the Property at the time of foreclosure.  Defendant is a

corporation that acquired the mortgagee's rights in the Property on or around

---

[1]Defendant has advised the Court (*see* Dkt. No. 49 at 5 n.2) that its proper name has changed due to a corporate acquisition.  The Clerk of the Court will be directed to amend the caption to list defendant's name as shown here.

April 14, 2006 for $10.00. Defendant commenced foreclosure proceedings on April 19, 2006 in New York State Supreme Court, Steuben County. The mortgagor and principal named defendant in the foreclosure proceeding was someone named "Mihee Cho." Plaintiff's name does not appear in the caption of the foreclosure case, and defendant has admitted that "[n]o party with the name Mee Jin-Jo (the Plaintiff in the instant case), was named or served with process in the foreclosure action." (Dkt. No. 29 at 5.) Defendant has not submitted any information indicating that "Mihee Cho" and "Mee Jin-Jo" are the same person.

According to defendant, the mortgagor of the Property never appeared in the foreclosure action. Defendant consequently obtained a judgment of foreclosure and sale for the Property that was entered in the Steuben County Clerk's Office on or around September 28, 2006. The foreclosure sale occurred on November 14, 2006, with defendant purchasing the Property. Defendant then began eviction proceedings on December 18, 2006 with service of a Ten-Day Notice to Quit on the mortgagor pursuant to N.Y. Real Property Actions and Proceedings Law ("RPAPL") § 735. Plaintiff was not served with the Notice to Quit. Plaintiff was evicted from the Property on March 23, 2007 by the Steuben County Sheriff.

Plaintiff commenced this diversity action on March 18, 2008. The complaint contains eight claims:

(1)    A violation of New York's "Truth-in-Storage" Act, N.Y. Gen. Bus. Law §§ 605–610;

(2)    Intentional torts;

(3)    Conversion;

(4)    A violation of Fifth Amendment due process rights by way of a violation of the notice requirements in N.Y. RPAPL § 1511 for foreclosures;

(5)    A violation of N.Y. RPAPL § 713 and its notice requirements for eviction;

(6)    A violation of N.Y. CPLR 735 and its notice requirements for special proceedings such as eviction proceedings;[2]

(7)    A violation of CPLR 3215 and its notice requirements for default judgments;[3] and

(8)    A violation of N.Y. Gen. Bus. Law § 607 against a since-terminated defendant.[4]  In lieu of answering, defendant made a motion to dismiss on June 1, 2009.

Since January 2009, plaintiff has made 13 motions containing a variety of requests.  Three of the motions have been adjudicated:

---

[2]There is no provision in New York's CPLR numbered 735.  From the context of the claim, the Court will infer for this decision that plaintiff meant to refer to CPLR Article 4, which does govern special proceedings.

[3]The Court will assume from context that plaintiff's reference to "NYS Consolidated Law Section 3215" means CPLR 3215, which governs default judgments.

[4]Plaintiff has withdrawn the eighth claim in the complaint.  (*See* Dkt. No. 6 at 3.)

- On January 14, 2009 (Dkt. No. 8), plaintiff made a motion to revoke an order to show cause that allegedly "was made based on the unlawful and ungranted Ex parte motion and/or communication between the chamber of Hon. Charles J. Siragusa and the attorney for the defendant." This motion was denied indirectly in light of an automatic bankruptcy stay that affected this case when a prior defendant filed for bankruptcy; it was denied on more specific grounds in an Order entered on February 9, 2009.

- On January 30, 2009 (Dkt. No. 11), plaintiff made a motion to replace the name of the former bankrupt defendant with that of the current defendant, a request that this Court granted. The motion also sought to name two of defendant's attorneys as defendants themselves for violations of New York attorney disciplinary rules, and to name another corporate entity as a defendant despite alleging no tortious conduct by this party. The Court denied the requests to name additional defendants in an Order entered on March 30, 2009.

- Also on June 9, 2009 (Dkt. No. 36), plaintiff made a motion for an extension of time to respond to defendant's motion to dismiss. The Court granted this motion to allow a more extended response to the motion to dismiss, which plaintiff filed on July 10, 2009.

Ten of plaintiff's motions are pending:

(1)     On May 5, 2009 (Dkt. No. 26), plaintiff made a motion to vacate the Order of February 9, 2009, asserting that proper service of the complaint was made and again asserting that "there was Ex parte communication between the defendant's attorney and the Court."

(2)     On May 26, 2009 (Dkt. No. 27), plaintiff made a motion for reconsideration of the second extension of defendant's time to answer to June 1, 2009, alleging, *inter alia*, that defendant requested an extension relying on "an inexcusable false statement of fact interfering with the Court's fair and proper proceeding and an obvious violation of The Lawyer Code of Professional Responsibility DR7-102 A."

(3)     On June 9, 2009 (Dkt. No. 35), plaintiff made a motion to dismiss her own action without prejudice "when the Court proves my service was improper and insufficient."

(4)     On June 22, 2009 (Dkt. No. 40), plaintiff made a motion for recusal of this Court and Judge Siragusa, the *pro se* duty judge who signed some of the initial orders in this case, because "someone in the court must switch [sic] the original documents with the copy to nullify my service" and because "this case is proceeding outrageously beyond the law and rules based on unlawful favoritism and prejudice."

(5)     On June 29, 2009 (Dkt. No. 43), plaintiff made a motion requesting that this Court warn defendant's counsel "to comply with the Court Rules because her wild practice and wilful, repeated violation beyond the rules and law is appalling." The alleged violations included "[a] fraudulent using [sic] of the U.S. mail or the postal system [which] is a serious crime" and "fil[ing] a false Certificate of Service based on perjury to the Court on 6/23/2009 without serving me."

(6)     On July 2, 2009 (Dkt. No. 45), plaintiff made a motion to amend or correct the Court's Order granting plaintiff's request for an extension of time, alleging, *inter alia*, that "[t]he Court's Docket History on my Response is totally manipulated."

(7)     On July 20, 2009 (Dkt. No. 57), plaintiff made a motion to stay this case because, *inter alia*, it "was and is proceeding beyond the law and court rules," because the Court "is not sure which judge is ruling this case currently," and because the motion for recusal must be decided first to avoid further rulings "based on favoritism."

(8)     Also on July 20, 2009 (Dkt. No. 58), plaintiff made a motion "(1) to give the defendant's attorney a warning to serve the documents properly because it is not the first time, [and] (2) to order the defendant's attorney to serve on me immediately the whole genuine documents she filed to the Court properly for fair and proper proceeding," all based on a contention that certain documents filed by defendant were not served.

(9)     On July 24, 2009 (Dkt. No. 59), plaintiff made a motion to strike certain documents as filed untimely, including a Notice of Change of Address that defendant filed on July 16, 2009.

(10)    Also on July 24, 2009 (Dkt. No. 60), plaintiff made a motion to amend the caption to reflect the change in defendant's name, but not before ordering defendant "to submit all of the documents including when the acquisition between JP Morgan Chase and WM Specialty Mortgage LLC was made and the Articles of the Incorporation of JPMC Specialty Mortgage LLC to prove 'WM' is now 'JPMC.'"

## DISCUSSION

### *Defendant's Motion to Dismiss*

Defendant has made a motion to dismiss this case for three different reasons.  Defendant contends that all of plaintiff's claims are inextricably intertwined with the underlying foreclosure in state court and thus barred by the *Rooker-Feldman* doctrine.[5]  Defendant contends further that the principle of *res judicata* bars plaintiff's claims because a final judgment of eviction was entered in state court and "[t]he parties in that litigation were the same as those before this court."  Finally, defendant contends that plaintiff's due process and Truth-in-Storage Act claims fail to state a justiciable claim against it.  In opposition, plaintiff emphasizes that she never received notice of the foreclosure and eviction proceedings, and that she was a tenant at will, not the mortgagor of the Property.  Plaintiff also contends that the *Rooker-Feldman* doctrine does not apply because

---

[5]*See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983).

the essence of her claims is conversion, not the underlying judgments of foreclosure and eviction in themselves.

"When (as here) a jurisdictional challenge under Fed. R. Civ. P. 12(b)(1) is addressed to the complaint, a court accepts as true all the factual allegations in the complaint and must draw all reasonable inferences in favor of the plaintiff." *Lunney v. U.S.*, 319 F.3d 550, 554 (2d Cir. 2003) (citations omitted). Additionally, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted).

Defendant's inability to identify plaintiff as a named defendant served with process in the underlying state court proceedings makes dismissal of this case inappropriate. Plaintiff has stated in her complaint that she was a tenant at the Property, that she was not the mortgagor, that defendant did not serve her with any papers during the state court proceedings, and that she lost her personal property as a result. For purposes of this motion, the Court must accept these allegations as true. Additionally, however, defendant has not submitted any information suggesting that plaintiff and any named defendant in the state court proceedings are the same person. Defendant also has admitted that "[n]o party

with the name Mee Jin-Jo (the Plaintiff in the instant case), was named or served with process in the foreclosure action." (Dkt. No. 29 at 5.) Meanwhile, plaintiff has alleged that defendant allowed plaintiff only three minutes to gather personal belongings when it took possession of the Property, and that it arranged with another company to clear all personal belongings from the Property without advising plaintiff as to what those arrangements were. As a result, plaintiff successfully has alleged a lack of notice that, by itself, led to damages independent of the foreclosure and eviction. New York's Truth-in-Storage Act contains a provision that creates a private right of action for damages resulting from a loss of personal property that violates that statute. *See* N.Y. Gen. Bus. Law § 609(1) ("Any consumer bailor damaged by an unlawful detention of his goods or any other violation of this article may bring an action for recovery of damages and the return of his goods. Judgment may be entered in an amount not to exceed three times the actual damages plus reasonable attorneys fees."). Section 609(1) does not specify against whom an action may be brought "for recovery of damages." Although defendant argues in its motion that plaintiff should have maintained this case against a moving company no longer named, the plain language of Section 609(1) does not prevent plaintiff from establishing during discovery, if she can, that defendant somehow helped bring about an unlawful detention of her property. Similarly, plaintiff's intentional tort and conversion claims are sufficiently pled that defendant is on notice of claims that

8

plaintiff plausibly could establish during discovery. For these reasons, defendant's motion is denied as to the first (Truth-in-Storage Act), second (intentional torts), and third (conversion) claims in plaintiff's complaint.

Legal deficiencies, however, will require dismissal of the remaining claims in plaintiff's complaint. These claims—the fourth through seventh claims—allege violations of notice requirements that defendant allegedly did not follow during the state court proceedings. Unlike Section 609(1) of the General Business Law, none of these statutes create a private right of action for violations thereof, in themselves. Without private rights of action that this Court could adjudicate independently, ruling in plaintiff's favor on these claims would imply that the state court overlooked important procedural defects, and that the state court proceedings were suspect as a result. *Cf. Kropelnicki v. Siegel*, 290 F.3d 118, 129 (2d Cir. 2002) ("[I]f adjudication of a claim in federal court would require the court to determine that a state court judgment was erroneously entered or was void, the claim is inextricably intertwined with the merits of the state court judgment. Were we to accept [plaintiff's] argument . . . our ruling would effectively declare the state court judgment fraudulently procured and thus void. This is precisely the result that the *Rooker-Feldman* doctrine seeks to avoid: 'The *Rooker-Feldman* doctrine provides that the lower federal courts lack subject matter jurisdiction over a case if the exercise of jurisdiction over that case would result in the reversal or modification of a state court judgment.'") (citations

omitted).  This Court is obligated to give full faith and credit to the state court proceedings.  *See* 28 U.S.C. § 1738.  Plaintiff will have to pursue remedies in state court if she wants to assert that the foreclosure and eviction proceeded in a way that deprived her of her right to appear in those proceedings or to respond to the papers for those proceedings.  For these reasons, defendant's motion is granted as to the fourth (notice under RPAPL § 1511), fifth (notice under RPAPL § 713), sixth (notice under CPLR Article 4), and seventh (notice under CPLR 3215) claims in plaintiff's complaint.

As stated in note 4 *supra*, plaintiff withdrew her eighth claim previously.

### *Plaintiff's Motions, Generally*

The Court will assess each of plaintiff's pending motions individually. When assessing plaintiff's motions, the Court will keep in mind that plaintiff has appeared *pro se*.  "Because [plaintiff] is a *pro se* litigant, we read [the] supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest."  *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) (citation omitted).

### *Plaintiff's Motion for Recusal*
### *(Pending Motion No. 4 as Listed Above)*

Plaintiff has made a motion for recusal (Dkt. No. 40) of both this Court and Judge Siragusa from this case.  Plaintiff asserted two reasons for recusal.  First, plaintiff expressed concern that the adequacy of service of process of the complaint was not resolved to her satisfaction, prompting her to allege that

"someone in the court must switch [sic] the original documents with the copy to nullify my service."  Second, plaintiff asserted, without explanation, that "this case is proceeding outrageously beyond the law and rules based on unlawful favoritism and prejudice."

"In determining whether [28 U.S.C. § 455(a)] requires recusal, the appropriate standard is objective reasonableness—whether an objective, disinterested observer fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal."  *U.S. v. Carlton*, 534 F.3d 97, 100 (2d Cir. 2008) (citations omitted).  Here, plaintiff has not set forth any facts to assess under the standard of objective reasonableness.  The allegation about switching documents is unfounded—and in any event, as explained below, any objections to service of process are deemed waived at this point.  Similarly, plaintiff has set forth no facts in the motion to explain in what way this case has proceeded "outrageously" and what rules may have been violated.  Since plaintiff's motion rests only on conclusory allegations, it is denied.

### *Service of Process (Motion Nos. 1, 3)*

Plaintiff has expressed a repeated concern about service of process.  Plaintiff has made motions seeking clarification as to whether repeated service of process would be necessary in light of the docket entry of May 8, 2008, rejecting her waiver of service paperwork, and the Order of February 5, 2009, addressing how plaintiff would complete service.

"A party waives any defense listed in Rule 12(b)(2)-(5) by . . . omitting it from a motion in the circumstances described in Rule 12(g)(2)."  Fed R. Civ. P. 12(h)(1)(A); *see also* Fed. R. Civ. P. 12(g)(2) ("[A] party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."). Here, defendant's pending motion to dismiss does not allege defective service of process.  Defendant's other filings, including the motions for extensions of time to answer, did not allege defective service of process.  Defendant consented to an amendment of the complaint in March 2009 without objecting that service of the complaint was improper.  In short, defendant has litigated this case since at least January 26, 2009, the date of its first filing on the docket, without raising the issue of service of process.  *Cf. Totalplan Corp. of Am. v. Lure Camera Ltd.*, 613 F. Supp. 451, 456 (W.D.N.Y. 1985) (Elfvin, J.) ("By appearing on the instant motion without objecting to any lack of service of process on himself, defendant . . . has submitted to this court's jurisdiction and waived any objection to the sufficiency of service of process.").  Any defects in service of process thus are no longer an issue in this case, and any objections to service of process are deemed waived. Accordingly, plaintiff's motions of May 5, 2009 (Dkt. No. 26) and June 9, 2009 (Dkt. No. 35) are denied.

### *Miscellaneous Motions*

Plaintiff's motion *(Motion No. 2)* of May 26, 2009 (Dkt. No. 27), which requested reconsideration of a deadline extension that expired only six days later, is denied as moot.

Plaintiff's motion *(Motion No. 5)* of June 29, 2009 (Dkt. No. 43) contains allegations that defendant did not serve plaintiff with the notice of bankruptcy filing (Dkt. No. 9) or the papers (Dkt. Nos. 14–16) in opposition to plaintiff's motion to amend of January 30, 2009. The notice of bankruptcy filing indicates at the bottom that plaintiff was sent a copy. The certificate of service for the defense opposition papers referenced in this motion states that those papers were served by mail on March 9, 2009 to the address of 660 West Robinwood Street, Highland Park, Michigan 48203. Plaintiff used this address as her address for several filings in January 2009. (*See* Dkt. Nos. 8, 11, 12.) Plaintiff used a different address in a filing dated May 5, 2009, after the service of the documents referenced in this motion. (*See* Dkt. No. 26.) Exactly when plaintiff changed addresses is unclear, but if she changed addresses after defendant's service then she is presumed to have received the papers at her address of record at that time. *See* Local Rule 5.2(d) ("A party appearing *pro se* must furnish the Court with a current address at which papers may be served on the litigant. Papers sent to this address will be assumed to have been received by plaintiff."). On the other hand, if plaintiff changed addresses before defendant's

13

service then she violated Local Rule 5.2(d) by failing to inform the Court of the change, which defendant would have learned through the CM/ECF electronic filing system. *See id.* ("[T]he Court must have a current address at all times. Thus, a *pro se* litigant must inform the Court immediately in writing of any change of address. Failure to do so may result in dismissal of the case with prejudice.") Either way, defendant appears to have made a good-faith effort to serve plaintiff at what was her last known address at the time in question. Plaintiff's motion thus is denied.

Plaintiff's motion *(Motion No. 6)* of July 2, 2009 (Dkt. No. 45) is denied as moot in light of the extension of time granted on June 23, 2009 and the supplemental response that plaintiff subsequently filed (Dkt. No 46).

Plaintiff's motion *(Motion No. 7)* to stay of July 20, 2009 (Dkt. No. 57) is denied as moot in light of the denial of the motion for recusal contained in this Order.

Plaintiff's additional motion *(Motion No. 8)* of July 20, 2009 (Dkt. No. 58) contains an allegation that defendant failed to serve certain documents. In the motion papers, however, plaintiff admits to receiving the reply papers in support of the motion to dismiss, which would have covered Docket Nos. 47–49; the memorandum of law in opposition to the motion for recusal (Dkt. No. 51); and the Notice of Change of Address (Dkt. No. 55). The only document referenced in plaintiff's motion that she has not admitted receiving is the affidavit in opposition

(Dkt. No. 53) to plaintiff's motion of June 29, 2009. The certificate of service for that affidavit (Dkt. No. 54) indicates that defendant served that affidavit to all three addresses that plaintiff has ever used in this case. Under these circumstances, plaintiff's motion is denied.

Plaintiff's motion *(Motion No. 9)* to strike (Dkt. No. 59) is denied for the reasons stated in the preceding paragraph for denying the motion filed as Docket No. 58.

Plaintiff's motion *(Motion No. 10)* to amend (Dkt. No. 60) is denied in light of the instruction to the Clerk of the Court contained in note 1 *supra*.

## CONCLUSION

For all of the foregoing reasons:

(1)     All ten of plaintiff's pending motions—the motions of May 5, 2009 (Dkt. No. 26); May 26, 2009 (Dkt. No. 27); June 9, 2009 (Dkt. No. 35); June 22, 2009 (Dkt. No. 40); June 29, 2009 (Dkt. No. 43); July 2, 2009 (Dkt. No. 45); July 20, 2009 (Dkt. Nos. 57 and 58); and July 24, 2009 (Dkt. Nos. 59 and 60)—are denied.

(2)     Defendant's motion to dismiss (Dkt. No. 28) is GRANTED as to the fourth (notice under RPAPL § 1511), fifth (notice under RPAPL § 713), sixth (notice under CPLR Article 4), and seventh (notice under CPLR 3215) claims in plaintiff's complaint, but DENIED as to the first (Truth-in-Storage Act), second (intentional torts), and third (conversion) claims in the complaint.

(3)     The Clerk of the Court is directed to amend the caption of the case to list defendant's name as "JPMC Specialty Mortgage LLC," for the reason set forth in note 1 *supra*.

(4)     Defendant is directed to answer the complaint within 20 days of the entry of this Order.

(5)     Pursuant to Local Rule 83.2, defendant is directed to obtain local counsel.  Local counsel shall file a written notice of appearance with the Clerk of the Court within 20 days of the entry of this Order.


SO ORDERED.


*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED: August 5, 2009