UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MEE JIN-JO,

                              Plaintiff,

v.

JPMC SPECIALTY MORTGAGE LLC,

                              Defendant.

**REPORT, RECOMMENDATION AND ORDER**

08-CV-00230(A)(M)

_____

        This case was referred to me by Hon. Richard J. Arcara for supervision of pretrial proceedings in accordance with 28 U.S.C. §636(b)(1) [68].[1] Before me is defendant's motion to set aside the entry of default [79], plaintiff's motions to recuse [83], to compel a prohibitory injunction [88], and to nullify defendant's answer [89]. Oral argument was held before me on October 15, 2009.[2]

        For the following reasons, I recommend that defendant's motion to set aside the entry of default [79][3] be GRANTED and I order that plaintiff's motions to recuse [83], compel a prohibitory injunction [88] and nullify defendant's answer [89] be DENIED.

---

    [1]    Bracketed references are to the CM/ECF docket entries.

    [2]    Although plaintiff failed to appear for oral argument, I later became aware of plaintiff's motion to waive oral argument [106], which I granted *nunc pro tunc*. Text Order dated October 19, 2009 [107].

    [3]    "Upon the entry of a default judgment, the Court accepts as true all of the facts alleged in the complaint, except those relating to the amount of damages." <u>DLJ Mortgage Capital, Inc. v. Eastern American Mortgage Co.</u>, 2009 WL 1835025, *2 (S.D.N.Y. 2009). Thus, the entry of a default judgment, if not set aside, is dispositive of the issue of liability. Therefore, I consider defendant's motion to be dispositive, and I address the motion by report and recommendation.

I assume the parties' familiarity with the underlying facts and procedural history in this case, which is set forth in Judge Arcara's August 5, 2009 Decision and Order [67].

**ANALYSIS**

**A.    DEFENDANT'S MOTION TO SET ASIDE THE ENTRY OF DEFAULT [79]**

Pursuant to Judge Arcara's August 5, 2008 Decision and Order, defendant was directed to answer the complaint within 20 days. [67], p. 16. A clerk's entry of default was requested by plaintiff on August 31, 2009 [69] prompting defendant to file its answer on September 1, 2009 [70] and a declaration in opposition to the request for an entry of default [72]. At or about the same time, the Clerk entered a default against defendant [73].

Defendant's counsel, Mark R. Knuckles, Esq., now moves to set aside the entry of default. He explains that the attorney primarily responsible for this case, Melanie Finkel, Esq., left his firm on August 6, 2009, and that he mistakenly calendared the deadline for the answer. Knuckles Affidavit [79-2], ¶3. In addition to the lack of prejudice to plaintiff from the limited default, defendant argues that there is a meritorious defense to the action insofar as it "duly prosecuted the eviction action underlying the complaint and retained the services of the county sheriff and a licensed moving and storage company to execute a warrant of eviction issued by a court of valid jurisdiction". Id., ¶10. Defendant argues that plaintiff's claims "are more properly asserted against the bailee that took actual possession of the Plaintiff's effects". Id., ¶11.

Fed. R. Civ. P. ("Rule") 55(c) authorizes a court to "set aside an entry of default for good cause". "The Federal Rules of Civil Procedure do not define 'good cause,' but, the Second Circuit has set forth three factors that courts should examine to determine if good cause

exists: '(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented.'" GMA Accessories, Inc. v. BOP, LLC, 2009 WL 2634771, *3 (S.D.N.Y. 2009) (quoting Enron Oil Corp. v. Kiakuhara, 10 F.3d 90, 96 (2d Cir.1993)). "Although the same three factors govern motions to vacate entries of default and default judgments, 'courts apply the factors more rigorously in the case of a default judgment . . . because the concepts of finality and litigation repose are more deeply implicated in the latter action.'" Gesualdi v. Tapia Trucking, LLC, 2009 WL 2915780, *2 (E.D.N.Y. 2009).

"Courts also may consider other equitable factors if they exist. . . . The party making the motion to set aside the entry of default bears the burden of demonstrating good cause." GMA Accessories, Inc., supra, 2009 WL 2634771 at *3.

### 1.  **Willfulness of the Default**

Plaintiff argues that defendant's default was willful because defendant's counsel falsely states that Melanie Finkel, the attorney primarily responsible for the case, left the firm on August 6, 2009 and that the due date for the answer was calendared incorrectly. Plaintiff's Response [90], pp. 6-8. Plaintiff also argues that the answer was legally defective because it was signed with an "s-slash". Id.

While plaintiff offers Ms. Finkel's September 11, 2009 attorney registration information from the New York State Unified Court System website indicating that Ms. Finkel was employed by Knuckles, Komosinski & Elliot, LLP (plaintiff's motion [88], Ex. 1), defendant asserts that the New York State Unified Court System's website now indicates that she is employed by a different firm. Declaration of Kenneth J. Flickinger, Esq. [96], ¶9. At oral

argument, Mr. Flickinger also corroborated Mr. Knuckles' statement that Ms. Finkel has not worked for his firm since August 6, 2009. Accepting their representations as officers of the court, I find no basis for plaintiff's claims of perjury.

Mr. Knuckles' electronic signature was sufficient. This District's Administrative Procedures Guide specifically states that "[t]he username and password required to submit documents to the Electronic Filing System serve as the Filing User's signature on all electronic documents filed with the court. They also serve as a signature for purposes of Fed.R.Civ.P. 11, the Federal Rules of Civil Procedure, the local rules of this court, and any other purpose for which a signature is required in connection with proceedings before this court." Section 2(g)(iii).

Therefore, this factor weighs in favor of setting aside the entry of default.

### 2. **Prejudice to Plaintiff**

Plaintiff argues that setting aside the default would prejudice plaintiff because "17 months past [*sic*] from the date of the initial answer due. Defendant still didn't file any legally valid answer". Plaintiff's Response [90], pp. 8-9. Although I am mindful that plaintiff seeks a speedy resolution of her claims, defendant's default has not been 17 months. Rather, defendant's answer was filed and served six days after Judge Arcara's deadline, and one day after plaintiff's request for an entry of default was made. Under these circumstances, I do not find that vacating the entry of default would prejudice plaintiff.

Therefore, this factor weighs in favor of setting aside the entry of default.

### 3. Meritorious Defense

"A defendant seeking to vacate an entry of default must present some evidence beyond conclusory denials to support his defense. . . . The test of such a defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." Enron Oil Corp., supra, 10 F.3d at 98.

In denying defendant's motion to dismiss plaintiff's Truth in Storage Act (N.Y. Gen. Bus. Law §609(1)) claim, Judge Arcara found that "the plain language Section 609(1) does not prevent plaintiff from establishing during discovery, if she can, that defendant somehow helped bring about an unlawful detention of her property". [67], p. 8. Thus, defendant can establish a meritorious defense if, as it argues, the moving company was solely responsible for the unlawful detention of plaintiff's property. Therefore, I find that defendant has sufficiently established the possibility of a meritorious defense.

Considering that "'all doubts should be resolved in favor of a trial on the merits'", Goodrich v. WFS Financial, Inc., 2008 WL 1805819, *1 (N.D.N.Y. 2008), and that the three factors weigh in favor of setting aside the entry of default, I recommend that defendant's motion be granted. *See* Kuklachev v. Gelfman, 2009 WL 497576, *2 (E.D.N.Y. 2009)("Even if one factor weighs against vacating the default, if the other factors support it, the presumption in favor of resolution on the merits requires that the court vacate the default").

## B. PLAINTIFF'S MOTION TO REFUSE CONSENT TO PROCEED BEFORE A MAGISTRATE JUDGE AND TO RECUSE ME [83].

Plaintiff offers a variety of reasons for why I must recuse myself.[4] First, plaintiff argues that I scheduled the preliminary pretrial conference after the entry of default. [83], Reason One. Plaintiff also disputes my decision to extend the deadline for defendant to obtain local counsel to October 9, 2009 (Text Order dated September 16, 2009 [85]). Id., Reason Two.

A Judge must recuse himself where the "judge before whom the matter is pending has a personal bias or prejudice either against [a party] or in favor of any adverse party." 28 U.S.C. § 144. A Judge is also required to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned", 28 U.S.C. §455(a), or under certain specifically enumerated circumstances, including:

> "(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
>
> (2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;
>
> (3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding . . . ;
>
> (4) He knows that he . . . has a financial interest in the subject matter in controversy or in a party to the proceeding . . .;

---

[4] Plaintiff had previously unsuccessfully moved to recuse Judge Arcara and Judge Siragusa from this case. Judge Arcara's August 5, 2009 Decision and Order [67], p. 10.

> (5) He or his spouse, or a person within the third degree of
> relationship to either of them, or the spouse of such a person:
>
> (i)     Is a party to the proceeding . . . ;
> (ii)    Is acting as a lawyer in the proceeding;
> (iii)   Is known by the judge to have an interest that could be
>         substantially affected by the outcome of the proceeding;
> (iv)    Is to the judge's knowledge likely to be a material witness
>         in the proceeding". 28 U.S.C. §455(b).

At the outset, I assure plaintiff that I do not favor one party over the other in this case. Other than from my handling of this case, I do not know the parties or their counsel and have no personal knowledge of or interest in the underlying facts and circumstances of this case.

"The scope of 28 U.S.C. §455(a) 'is commonly limited to those circumstances in which the alleged partiality stems from an extrajudicial source.'" United States v. Jordan, 591 F.Supp.2d 686, 723 (S.D.N.Y. 2008) (quoting United States v. Carlton, 534 F.3d 97, 100 (2d Cir.2008)). "The issues [plaintiff] raises stem entirely from events which occurred as part of current proceedings and do not constitute a basis for recusal." Id. at 724.

Moreover, none of my actions have placed my impartiality in question. Having realized my error in scheduling the preliminary pretrial conference, I promptly granted plaintiff's motion to strike the preliminary pretrial conference. Text Order dated September 16, 2009 [85].[5] Additionally, while plaintiff seeks to question my authority and motivation for extending Judge Arcara's deadline for defendant to obtain local counsel, his referral granted me authority to conduct proceedings in this case. I see no partiality in my decision to grant defendant one extension, where I cautioned that no further extensions would be granted [85]. *See* Jordan, supra,

---

[5] Recognizing that the October 29, 2009 preliminary pretrial conference I scheduled at the October 19, 2009 oral argument would not allow sufficient time for resolution of defendant's motion to set aside the entry of default, I cancelled the conference pending a ruling from Judge Arcara on this Report and Recommendation. Text Order dated October 19, 2009 [108].

591 F.Supp.2d at 724 ("Even 'a judge's comments during a proceeding that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge'").

Plaintiff has also not established that my recusal is required under any provision of 28 U.S.C. §455(b). Therefore, I find that my recusal is not warranted.

Plaintiff also seeks to "not be forced to Consent to Proceed Before a U.S. Magistrate Judge". Id., Reason 3. However, plaintiff is free to elect not to proceed before a Magistrate Judge. As I advised in my Order of Preliminary Pretrial Conference, "[i]f the parties wish to consent, they must execute the consent . . . . However, no substantive adverse consequences will result should the parties elect not to consent". [77].

## C. PLAINTIFF'S MOTION TO COMPEL A PROHIBITORY INJUNCTION [88]

Plaintiff seeks to forbid Mr. Knuckles from practicing before this court for a variety of reasons, including his "attempt of fraud upon this court". Plaintiff's Motion [88], Reason One. Plaintiff alleges that Mr. Knuckles was aware that he was not permitted to appear before this court "under Judge Arcara's Order. . . and Local Rule 83.2", but attempted "[t]o conceal his disregard of [Judge Arcara's Decision and Order] and to confuse the Court about his non-permitted appearance" by signing defendant's answer with an s-slash. Id.

As discussed earlier, Mr. Knuckles' electronic signature on the answer was proper. While Mr. Knuckles was required to obtain local counsel[6] because he did not maintain an office in this District, as a member of the bar of this court, Loc. R. Civ. P. ("Local Rule") 83.2

---

[6] Mr. Knuckles has since obtained local counsel on October 2, 2009 [94].

did not require Mr. Knuckles to have local counsel before signing the answer. *See* Local Rule 83.2(a)(2) ("an attorney *who is not a member of the bar of this Court* may sign a pleading . . . provided local counsel has been appointed" (emphasis added)). Thus, I do not find that defendants's answer was defective.

I also do not find that any fraud can be inferred from the fact that defendant was directed to re-file its September 1, 2009 answer because the signature block did not include the firm name, address, telephone number and e-mail address. Defendant re-filed its answer on September 3, 2009 with the requested information [74].

While Mr. Knuckles was delinquent in complying with Judge Arcara's August 5, 2009 Decision and Order, I find no support for plaintiff's claim that he is trying to perpetrate a fraud upon the court.

Plaintiff also alleges that Mr. Knuckles made false statements to the court, including his claim that Ms. Finkel left his firm on August 6, 2009 ([79], ¶3) and that the answer was served six minutes after the entry of default ([79], ¶5). Plaintiff's Motion [88], Reason Two.

As discussed earlier, I find no basis for plaintiff's assertion that Mr. Knuckles' representations about Ms. Finkel's employment are false. Although plaintiff appears to correctly argue that plaintiff's answer [70] was filed before the entry of default [73], at most, this establishes that Mr. Knuckles' statement was erroneous, but not that it was a knowing and willful attempt to defraud the court. Moreover, I see no reason for Mr. Knuckles to deliberately misrepresent that defendant filed its answer *after* the clerk's entry of default.

Plaintiff further argues that there were deliberate *ex parte* communications between Judge Siragusa and Mr. Knuckles. Plaintiff's Motion [88], Reason Three. Plaintiff

raised these same arguments in a prior motion [8] which were rejected by Judge Siragusa. Decision and Order dated February 4, 2009 [13], p. 3. I see no reason to re-visit Judge Siragusa's determination.

For these reasons, plaintiff's motion to compel a prohibitory injunction [88] is denied in its entirety.

**D.     PLAINTIFF'S MOTION TO NULLIFY KNUCKLES ANSWER [89]**

Plaintiff repeats the arguments contained in the prior motions, including the invalidity of Mr. Knuckles' signature, Mr. Knuckles being prohibited from appearing before the court, and defendant's failure to timely answer [89]. For the reasons discussed above, plaintiff's motion to nullify defendant's answer is denied.

**CONCLUSION**

For these reasons, I recommend that defendant's motion to set aside the entry of default [79] be GRANTED and I order that plaintiff's motions to recuse [83], compel a prohibitory injunction [88] and nullify defendant's answer [89] be DENIED.

Pursuant to 28 U.S.C. §636(b)(1), it is hereby

ORDERED, that this Report, Recommendation and Order be filed with the clerk of this court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the clerk of this court within ten (10) days after receipt of a copy of this Report,

Recommendation and Order in accordance with the above statute, Fed. R. Civ. P. 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co., 840 F. 2d 985 (1st Cir. 1988).

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order. Thomas v. Arn, 474 U.S. 140 (1985); Wesolek v. Canadair Ltd., 838 F. 2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules of Civil Procedure for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the district judge's refusal to consider the objection.

**SO ORDERED.**

DATED:   October 29, 2009

                                        /s/ Jeremiah J. McCarthy
                                        JEREMIAH J. MCCARTHY
                                        United States Magistrate Judge