UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MEE JIN-JO,                                         **DECISION**
                        Plaintiff,                   **AND ORDER**

v.                                                  08-CV-00230(A)(M)

JPMC SPECIALTY MORTGAGE LLC,

                        Defendant.
_____

This case was referred to me by Hon. Richard J. Arcara for supervision of pretrial proceedings in accordance with 28 U.S.C. §636(b)(1) [68].[1] Before me are plaintiff's motions to stay [98], to annul [101] to give warnings [103], and to strike [102, 113, 114]. For the following reasons, I order that plaintiff's motions be DENIED.

I assume the parties' familiarity with the underlying facts and procedural history in this case, which is set forth in Judge Arcara's August 5, 2009 Decision and Order [67].

## ANALYSIS

**A.     Motion to Stay [98]**

Plaintiff moves to stay the case "until Judge McCarthy is recused from this case or it is proven that Judge McCarthy's ruling is not based on favoritism and prejudice and a investigation is made of the unlawful ex-parte [*sic*] that occurred on 9/25/2009 between Magistrate Judge McCarthy and defendant's attorney FLICKINGER. And motion to Nullify Knuckle's Answer and Declaration (Docket #89) is decided first for the proceeding to be in proper order." Plaintiff's motion [98], p. 1.

---

[1]     Bracketed references are to the CM/ECF docket entries.

I denied plaintiff's motion to recuse myself as part of my Report, Recommendation and Order dated October 29, 2009 [117]. Over plaintiff's objection, the Report, Recommendation and Order was adopted by Judge Arcara, who referred the matter back to me for further proceedings [127]. I continue to find no basis to recuse myself.

Plaintiff's accusation that my September 25, 2009 order granting defendant's motion to adjourn was based on an *ex parte* communication is baseless. By letter dated September 25, 2009, defendant requested to adjourn the October 9, 2009 oral argument due to a scheduling conflict [92]. According to defendant's letter, which I docketed as a motion, it was mailed to plaintiff at three separate addresses. Id. Thus, it cannot be said that my order granting this request was based on an *ex parte* communication.

Similarly baseless is plaintiff's claim that my other prior rulings demonstrate my lack of impartiality. Plaintiff's motion [98], pp. 4-8. "Adverse rulings . . . involving the party seeking recusal generally do not constitute a basis for recusal." United States v. Arena, 180 F.3d 380, 398 (2d Cir. 1999), cert. denied, 531 U.S. 811 (2000). In any event, I again "assure plaintiff that I do not favor one party over the other in this case. Other than from my handling of this case, I do not know the parties or their counsel and have no personal knowledge of or interest in the underlying facts and circumstances of this case." [117], p.

Moreover, plaintiff's motion to stay the proceeding pending a decision on plaintiff's motion to nullify the answer [89] has been rendered moot by the denial of that motion. October 29, 2009 Report, Recommendation and Order [117], p. 10. Therefore, plaintiff's motion to stay is denied.

B.    **Motion to Annul [101]**

Plaintiff moves to annul my September 25, 2009 order adjourning the October 9, 2009 oral argument because the motion was allegedly made on an *ex parte* basis [101]. As set forth above, the adjournment was not the result of any *ex parte* communication. Therefore, this motion is denied.

C.    **Motion to Strike [102]**

Plaintiff moves to strike the appearances of Kenneth Flickinger, Esq. and Gerald Murphy, Esq., as counsel for defendant [102]. On October 2, 2010, Gerald Murphy, Esq. entered a notice of appearance as co-counsel to defendant, and Kenneth Flickinger, Esq, entered his appearance as counsel to defendant [94 and 95].

According to plaintiff, Flickinger's appearance should be stricken because he "is already disqualified to appear to proceed this case under Rule 83.2(a) and Judge Arcara's order." Plaintiff's motion [102], p. 3. Similar arguments were made by plaintiff against defendant's counsel Mark Knuckles, Esq., which I rejected in my October 29, 2009 Report, Recommendation and Order [117], pp. 8-9. For the same reasons, I also reject plaintiff's current arguments.

Plaintiff also argues that "to comply with Rule 83.2 and Judge Arcara's Order, Murphy must re-file his notice of appearance as counsel, not 'co-counsel'". Plaintiff's motion [102], p. 3. Whether Mr. Murphy's notice of appearance delineates himself as counsel, co-counsel or local counsel is of no practical consequence for the purposes of this motion. What is of significance is the fact that Mr. Murphy, an attorney admitted to this District and maintaining

an office in this District, entered a notice of appearance [94], thereby satisfying defendant's obligation to obtain local counsel (*i.e.*, counsel that maintains an office in this District).

Plaintiff also disputes Murphy's notice of appearance because it is executed with a "s-signature". Plaintiff's motion [102], p. 3. However, as discussed in my October 29, 2010 Report, Recommendation and Order, an electronic signature is sufficient for all electronically filed documents. [117], p. 4. Therefore, plaintiff's motion to strike Flickinger's and Murphy's appearances is denied.

**D.     Motion to Give Warnings [103]**

Plaintiff requests me to give warnings to defendant's counsel, Kenneth Flickinger, Esq., for making false statements in his motion seeking an adjournment of the October 25, 2009 oral argument [92], for violating Ethical Consideration ("EC") 1-7 of the New York Lawyer's Code of Professional Responsibility, and for having unlawful *ex parte* communications with the court [103].

Plaintiff argues that Mr. Flickinger made three false statements in his September 25, 2009 motion to the court, including that his office was not in possession of plaintiff's telephone number, that plaintiff previously refused to contact his office, and that he was unable to overnight his motion to plaintiff. Plaintiff's motion [103], pp. 2-3. Although plaintiff disputes these claims, she offers me no basis to disbelieve Mr. Flickinger's representations, made as an officer of the court.

Plaintiff also alleges that Mr. Flickinger has "knowingly violated Code of Ethics: EC 1-7. In his answer . . ., he used several disrespectful and emotionally exaggerated words

against me like 'paranoid, brazenly accuses, pervasive paranoia, belligerent prosecution, pugnacity, obstinacy, phantom ex-parte, her fantasies, and her recalcitrance.'" Plaintiff's motion [103], p. 3. EC 1-7, which was superseded by the New York Rules of Professional Conduct on April 1, 2009, provided that "a lawyer should avoid bias and condescension toward, and treat with dignity and respect, all parties, witnesses, lawyers, court employees, and other persons involved in the legal process." The New York Rules of Professional Conduct contain a similar prohibition against "engag[ing] in undignified or discourteous conduct." Rule 3.3(f)(2). Although this litigation has been hard fought, I do not find that defendant's counsel's conduct has transcended the limits of the New York Rules of Professional Conduct.

Plaintiff further asks that I warn defendant's counsel about *ex parte* communications with the court. Plaintiffs motion [103], p. 1. However, there have been no *ex parte* communications with this court. Therefore, plaintiff's motion to give warnings is denied.

**E.     Motion to Strike [113]**

Plaintiff moves to strike my initial October 23, 2009 briefing schedule for these motions [98. 101, 102 and 103]. Plaintiff's motion [113], p. 1. My initial briefing schedule gave defendant until November 13, 2009 to respond to plaintiff's four motions, which were filed on October 13, 2009. October 23, 2009 text order [111]. Plaintiff argues that "under Rule 12, defendant's answer [to these motions] was due on October 23, 2009", and that I extended this deadline without cause. Id.

As argued by defendant, plaintiff's motion was rendered moot by my subsequent order staying the briefing schedule pending Judge Arcara's decision on my October 29, 2009

Report, Recommendation and Order. October 29, 2009 text order [119]. In any event, Rule 12 does not prescribe a 10-day period for responding to motions. My briefing schedule was also not set with the intent to prejudice plaintiff. The deadlines were set with the practical constraints of responding to four motions in mind and the fact that there was no request for expedited relief made by plaintiff. Therefore, plaintiff's motion to strike is denied.

**F.     Motion to Strike [114]**

Plaintiff moves to strike my order scheduling the October 29, 2009 status conference [112]. According to plaintiff, I had no authority to act until defendant's motion to set aside the entry of default was resolved. Id.

Both parties participated in the October 29, 2009 status conference. At that proceeding, I merely notified the parties that I would be staying all proceedings until Judge Arcara ruled on my October 29, 2009 Report, Recommendation and Order addressing defendant's motion to set aside the entry of default [79]. Therefore, plaintiff's motion to strike is denied as moot.

**CONCLUSION**

For these reasons, I order that plaintiff's motions [98, 101, 102, 103, 113, 114] are DENIED. The preliminary pretrial conference is set for **April 23, 2010 at 3:30 p.m**. The parties shall refer to my initial order of preliminary pretrial conference order [77].

Unless otherwise ordered by Judge Arcara, any objections to this Decision and Order must be filed with the clerk of this court by April 13, 2010 (applying the time frames set

-6-

forth in Fed. R. Civ. P. 6(a)(1)(C), 6(d), and 72(a)). Any requests for extension of this deadline must be made to Judge Arcara. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". <u>Wesolek v. Canadair Ltd.</u>, 838 F. 2d 55, 58 (2d Cir. 1988); <u>Thomas v. Arn</u>, 474 U.S. 140, 155 (1985). Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. <u>Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co.</u>, 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(2) of the Local Rules of Civil Procedure for the Western District of New York, "[t]he specific matters to which the party objects and the manner in which it is claimed that the order is clearly erroneous or contrary to the law shall be clearly set out." Failure to comply with the provisions of Rule 72.3(a)(2), may result in the district judge's refusal to consider the objection.

**SO ORDERED.**

DATED: March 26, 2010

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge