UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MEE JIN-JO,

                Plaintiff,

     v.

JPMC SPECIALTY MORTGAGE LLC,

                Defendant.

**DECISION AND ORDER**
08-CV-230A

This case was referred to Magistrate Judge Jeremiah J. McCarthy, pursuant to 28 U.S.C. § 636(b)(1). On October 13, 2009, plaintiff filed three motions. First, plaintiff filed a motion (Dkt. No. 98) to stay proceedings in this case that accused Magistrate Judge McCarthy of unsubstantiated *ex parte* communication, favoritism, and discrimination. Second, plaintiff filed a motion (Dkt. No. 101) to annul a text order from Magistrate Judge McCarthy adjourning an oral argument, again accusing Magistrate Judge McCarthy of unsubstantiated *ex parte* communication. Third, plaintiff filed a motion (Dkt. No. 101) to issue defense counsel a warning to refrain from what she perceived as false statements, ethical violations, and *ex parte* communication. Additionally, on October 13 and 23, 2009 (Dkt. Nos. 102, 113, 114), plaintiff filed motions to strike notices of appearance and to strike text orders from Magistrate Judge McCarthy that set briefing schedules for some of these motions and that scheduled a status

conference. Plaintiff rested these motions, again, on unsubstantiated claims of prejudice and *ex parte* communication.

In a Decision and Order dated March 26, 2010 (Dkt. No. 137), Magistrate Judge McCarthy denied all of the above motions as meritless. On April 12, 2010, plaintiff filed objections to the Decision and Order. In her objections, plaintiff, as she has on numerous occasions in this case, revisited an Order to Show Cause (Dkt. No. 5) requiring her to explain why the Court had diversity jurisdiction over the case when both she and a moving company named as a defendant in the complaint appeared to be New York citizens as of commencement of the case. The Court resolved the issue of subject matter jurisdiction over a year ago when it dismissed (Dkt. No. 7) the moving company without prejudice. Whether plaintiff subsequently commenced an action in state court against that moving company is unknown. In any event, there is no reason to revisit that resolved issue.

In her objections, plaintiff also repeated a misunderstanding of the role of magistrate judges that she has asserted numerous times in the docket for this case. Under 28 U.S.C. § 636(b)(1), district judges have the authority to refer pretrial matters to magistrate judges regardless of the positions of the parties on such referrals. The parties' positions on referrals of pretrial matters are irrelevant under that provision of the statute because the parties may present objections to the district judge and because the district judge ultimately will preside over the trial. Under 28 U.S.C. § 636(c), the parties are fully in control of whether they

2

want to consent to have a magistrate judge rule on dispositive motions and preside over trial as if the magistrate judge were a district judge.  Unless the parties file such a consent at some point, this Court will continue to presume that it will preside over any eventual trial in this case.

Because plaintiff's objections are meritless and addressed by clear legal authority, no response from defendant will be necessary.  Pursuant to 28 U.S.C. § 636(b)(1)(A), the district court "may reconsider any pretrial matter under this [section] where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."  As noted above, the Court has reviewed plaintiff's objections and Magistrate Judge McCarthy's Decision and Order.  Upon such review, the Court finds that Magistrate Judge McCarthy's Decision and Order is neither clearly erroneous nor contrary to law.

Accordingly, the Court affirms the Decision and Order.

The case is referred back to Magistrate Judge McCarthy for further proceedings.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: April 15, 2010