UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MEE JIN-JO,

                              Plaintiff,

v.

JPMC SPECIALTY MORTGAGE LLC,

                              Defendant.
_____

JPMC SPECIALTY MORTGAGE LLC,

                              Third-Party Plaintiff,

v.

ADVANCED MOVING & STORAGE, LLC,

                              Third-Party Defendant.
_____

**DECISION
AND ORDER**

08-CV-00230(A)(M)

## INTRODUCTION

        Defendant has moved to compel plaintiff to appear for a deposition in Buffalo,

New York and to provide responses to its  request for production of documents [188] and

plaintiff has moved to compel responses to her discovery demands [198]. These motions, being

non-dispositive, have been referred to me by Hon. Richard J. Arcara for a decision and order

[68].[1]   For the following reasons, I order that defendant's motion be granted in part and denied in

part, and that plaintiff's motion be denied.

---

        [1]        Bracketed references are to the CM/ECF docket entries.

## BACKGROUND

I assume the parties' familiarity with the underlying facts and procedural history in this case, which is set forth in Judge Arcara's August 5, 2009 Decision and Order [67]. Defendant has since filed a Third-Party Complaint and has obtained a Clerk's entry of default against the third-party defendant, Advanced Moving & Storage, LLC [182].

## ANALYSIS

**A.      Defendant's Motion to Compel Plaintiff's Deposition**

Defendant seeks to compel plaintiff to appear for her deposition in Buffalo because this is where she elected to commence the action.  Flickinger Declaration [188-1], ¶9. In response, plaintiff argues that the purpose of the deposition is to "harass [her] financially" because she resides in Detroit, Michigan, and lacks the resources to travel for the deposition. Plaintiff's Response [193], pp. 2-3.  Alternatively, plaintiff suggests that her deposition occur by written questions or by telephone, defendant pay her reasonable travel expenses to Buffalo, or the deposition occur in Michigan where she resides.  Id., p. 1.

"[T]here is no absolute rule as to the location of the deposition of a nonresident plaintiff".  Normande v. Grippo, 2002 WL 59427, *1 (S.D.N.Y. 2002).  "Rather, courts must strive to achieve a balance between claims of prejudice and those of hardship, always guided by the proposition that the Federal Rules of Civil Procedure 'shall be administered to secure the just, speedy and inexpensive determination of every action.'"  Id. (*quoting* Rule 1).

Among the alternatives offered by plaintiff, I find her suggestions that her deposition occur by telephone or written questions the most persuasive. Both alternatives are recognized by the Federal Rules. *See* Fed. R. Civ. P. ("Rules") 30(b)(4) and 31(a)(1).

Defendants have failed to identify any source of concern with deposing plaintiff telephonically or by written questions.   Therefore, given plaintiff's financial constraints, I find that conducting her deposition by telephone or by written questions, are, at least preliminarily, reasonable alternatives. *See* Cunningham v. St. Bonaventure University and its Franciscan Institute, 2010 WL 4628535, *5 (W.D.N.Y. 2010) (Curtin, J.) (ordering plaintiff, who resided in Illinois, to be deposed telephonically, where plaintiff had financial limitations and there was no "showing as to the likelihood of procedural or mechanical difficulties beyond the ordinary problems associated with telephone depositions").  I will permit defendant to select which of these two alternatives it prefers.

If defendant elects to proceed with a telephonic deposition, "plaintiff shall be required to make arrangements to have an individual qualified to take oaths in [Michigan] (such as a Notary Public) available at the appropriate time and place to administer the oath required by Fed.R.Civ.P. 28(a), and defendant shall bear the expenses related to recording the testimony by stenographic or other accepted means at defense counsel's offices".  Cunningham, 2010 WL 4628535 at *6. *To limit any communication difficulties, both parties shall use land line telephones*.  I encourage the parties to cooperate concerning the mechanics of the deposition. *See* Id. at *4 ("courts and parties have come up with a number of creative ways to address . . . concerns" with telephonic depositions (citing cases)).

If this proves unsuccessful, defendant may renew its motion to compel plaintiff's deposition in Buffalo.  *See* <u>Robert Smalls Inc. v. Hamilton</u>, 2010 WL 2541177, *4 (S.D.N.Y. 2010).

**B.      Defendant's Motion to Compel Responses**

Defendant seeks to compel plaintiff to fully comply with its First Request for Production of Documents.  Flickinger Declaration [188-1], Ex. G.  Although plaintiff responded to the request (<u>id.</u>, Ex. H), defendant argues that plaintiff failed to provide certain documents and that certain responses were insufficient because they merely stated that responsive documents were previously provided (*see*, *e.g.*, Ex. H, ¶¶1, 3 and 5).  Flickinger Declaration [188], ¶¶13-14. Although defendant concedes that "it is possible that [plaintiff] has previously submitted some of these documents, [defendant] has requested that these documents be produced in formal response to the document request." Flickinger Declaration [188-1], ¶14.

Pursuant to Rule 34(b)(2)(E)(i) "[a] party must produce documents as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the request". "The plaintiff's production of documents responsive to the defendants' Notice to Produce was deficient in [that]. . . the documents were not organized and labeled to correspond to the categories specified in the Notice as required by Rule 34(b)(2)(e) (I)." <u>Ng v. HSBC Mortgage Corp.</u>, 2009 WL 205048, *3 (E.D.N.Y. 2009).   To remedy this deficiency, plaintiff shall provide defendant with documents responsive to document requests ##1, 3 and 5 from its First Request for Production of Documents ([188-1], Ex. G), and shall specifically

identify which documents are responsive to each of these requests.  Id. (employing similar procedure).

Because it is unclear at this stage what documents have (or have not) been produced by plaintiff, upon receipt of plaintiff's formalized responses to the document demands, defendant may review its motion to compel specific documents.


**C.      Plaintiff's Motion to Compel**

Unsatisfied with defendant's response to her First Set of Interrogatories and First Request for Production of Documents [185], plaintiff served defendant with a Second Set of Interrogatories and Second Request for Production of Documents on February 2, 2011 [191] and served  a Third Set of Interrogatories and Third Request for Production of Documents on March 7, 2011  [199].  Simultaneously with  the service of her third set of discovery demands, plaintiff filed this motion seeking to compel responses to her second and third sets of discovery demands by the discovery deadline of March 24, 2011. Plaintiff's Motion [198], p. 2.

The March 24, 2011 discovery deadline has since been extended [205], thereby mooting the apparent impetus for plaintiff's motion.  Moreover, there is no indication in plaintiff's motion that she conferred or attempted to confer with defendant about this issue before filing the motion to compel as required by Rule 37(a)(1).  Therefore, plaintiff's motion is denied, without prejudice to renewal.

## CONCLUSION

For these reasons, defendant's motion to compel [188] is granted to the extent it seeks responses to document requests ##1, 3 and 5 from its First Request for Production of Documents ([188-1], Ex. G), but is otherwise denied, without prejudice to renewal, and plaintiff's motion to compel [198] is denied, without prejudice to renewal.

Plaintiff shall provide defendant with responsive documents to the requests identified herein and shall specifically identify which documents are responsive to each request by April 8, 2011. Plaintiff shall also submit to a deposition by telephone or written questions as set forth herein by May 9, 2011.

**SO ORDERED**.

Dated: March 29, 2011

/s/ Jeremiah J. McCarthy _____
JEREMIAH J. MCCARTHY
United States Magistrate Judge