UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MEE JIN-JO,

                      Plaintiff,

v.

JPMC SPECIALTY MORTGAGE LLC,

                      Defendant.
_____

JPMC SPECIALTY MORTGAGE LLC,

                      Third-Party Plaintiff,

v.

ADVANCED MOVING & STORAGE, LLC,

                      Third-Party Defendant.
_____

**DECISION AND ORDER**

08-CV-00230(A)(M)

**INTRODUCTION**

Before me are plaintiff's unopposed motion for a *subpoena duces tecum* [207][1] and defendant's motion to compel plaintiff to appear for a deposition in Detroit, Michigan [210]. These motions, being non-dispositive, have been referred to me by Hon. Richard J. Arcara for a decision and order [68]. For the following reasons, I order that plaintiff's unopposed motion for a *subpoena duces tecum* [207] is granted and that defendant's motion to compel [210] is likewise granted.

---

[1]     Bracketed references are to the CM/ECF docket entries.

**BACKGROUND**

I assume the parties' familiarity with the underlying facts in this case, which is set forth in Judge Arcara's August 5, 2009 Decision and Order [67].  By Decision and Order dated March 29, 2011 [206], I denied defendant's motion to compel plaintiff to appear for her deposition in this district, but ordered her to submit to a deposition via telephone or written questions by May 9, 2011.  This was done in an effort to accommodate plaintiff's financial limitations, which she alleges restrict her from traveling beyond her residence in Detroit, Michigan.

According to defendant, "telephone communications with [plaintiff] can be difficult".  Flickinger Declaration [210-1], ¶8.  Thus, defendant apparently elected to conduct plaintiff's deposition in Detroit rather than to attempt a telephonic deposition.  Id.  Defendant's counsel alleges that during a March 25, 2011 telephone call, plaintiff agreed to appear for her deposition provided it took place in Detroit.  Id., ¶¶8-9.  Although plaintiff disputes that she agreed to be deposed in Detroit (plaintiff's response [212], p. 4), defendant's counsel's version of events is confirmed by a March 25, 2011 e-mail memorializing their conversation.  Flickinger Declaration [210-1], Ex. C.

However, defendant waited until June 1, 2011 to contact plaintiff to schedule her deposition in an effort to meet the June 22, 2011 discovery cutoff.  Id., Amended Case Management Order [205], ¶1.  In response, plaintiff requested that she be served with an updated deposition notice, which was served on or about June 7, 2011.  Flickinger Declaration [210-1],

Ex. C.  Nevertheless, plaintiff continued her opposition to the deposition, which prompted this motion.

In opposition to defendant's motion, plaintiff raises a litany of arguments, including that defendant has failed to comply with my March 29, 2011 Decision and Order directing that her deposition proceed by telephone or written questions, that defendant's motion is being misused as a "method to drag the case . . . [and] to obtain another automatic extension", that defendant failed to file a motion pursuant to Fed. R. Civ. P. ("Rule") 7(d)(2) to settle my March 29, 2011 Decision and Order, and that defendant's June 7, 2011 deposition notice does not comply with Local Rule of Civil Procedure ("Local Rule") 30(a).  Plaintiff's Response [212], Points 1-5.  In addition to these arguments, plaintiff raises several arguments, which are not directly germane to the merits of defendant's motion, including questioning whether defendant's counsel, Kenneth J. Flickinger, Esq., has been  properly substituted as counsel and whether he is admitted *pro hac vice,* and  arguing that defendant has failed to comply with its Rule 26 obligations.  Id., Points 6-7.

## ANALYSIS

**A.     Plaintiff's Motion for a *Subpoena Duces Tecum***

Plaintiff's unopposed motion for a *subpoena duces tecum* [207]  is granted.

**B.     Defendant's Motion to Compel Plaintiff's Deposition**

Contrary to plaintiff's assertions, I do not view defendant's election to travel to Detroit to depose plaintiff as violating my March 29, 2011 Decision and Order.  If anything, by

doing so, defendant undertook greater efforts to accommodate plaintiff's deposition than what I directed or envisioned.

Although defendant attempted to complete plaintiff's deposition and moved to compel the deposition before the June 22, 2011 discovery deadline, Local Rule 30(a) requires at least 21 days prior notice of any oral depositions, absent agreement of the parties or order of the court. Since defendant initially noticed plaintiff's deposition in October 2010 (Flickinger declaration [210-1], ¶11) and the parties' apparent agreement on March 25, 2011 to schedule the deposition, I question the applicability of the 21-day notice requirement to the circumstances presented here. Nevertheless, in light of her *pro se* status, I conclude that plaintiff's reliance on this Local Rule in refusing to abide by the June 7, 2011 deposition notice was reasonable.

Therefore, plaintiff's deposition shall be taken at a location to be selected by defense counsel in Detroit, Michigan on a date and time to be agreed by the parties, but in no event later than September 16, 2011.

## CONCLUSION

For these reasons, plaintiff's unopposed motion for a *subpoena duces tecum* [207] and defendant's motion to compel plaintiff's deposition [210] are both granted.

**SO ORDERED**.

Dated: August 2, 2011

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge