UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BILLIAN JO,
*as Personal Representative of the Estate of Mee Jin-Jo,*

              Plaintiff,

v.

JPMC SPECIALTY MORTGAGE, LLC,

              Defendant.

**DECISION AND ORDER**

1:08-CV-00230 EAW

---

JPMC SPECIALTY MORTGAGE, LLC,

              Third-Party Plaintiff,

v.

ADVANCED MOVING & STORAGE, LLC,

              Third-Party Defendant.[1]

---

## INTRODUCTION

*Pro se* Plaintiff Mee Jin-Jo ("Plaintiff"), now deceased and represented in this action by her personal representative Billian Jo, commenced this lawsuit on March 18, 2008, alleging that Defendant improperly retained control over her property after she was evicted as a no-fault tenant from her residence. (Dkt. 1). Plaintiff asserts claims of violation of New York's Truth-in-Storage Act, conversion, and intentional torts.

---

[1] Although Third-Party Plaintiff JPMC Specialty Mortgage, LLC, requested and received a Clerk's Entry of Default as to Third-Party Defendant Advanced Moving & Storage, LLC (Dkt. 186), it has not moved for default judgment pursuant to Fed. R. Civ. P. 55(b). As a result, the third-party action remains pending in this case.

- 1 -

This case was initially assigned to the Hon. Richard J. Arcara, United States District Judge. On August 5, 2009, Judge Arcara entered an order referring this matter to the Hon. Jeremiah J. McCarthy, United States Magistrate Judge, for hearing and disposition of all non-dispositive motions or applications, supervision of discovery, and to hear and report upon dispositive motions. (Dkt. 68).

Defendant filed a motion for summary judgment on October 16, 2012. (Dkt. 235). Plaintiff opposed the motion. (Dkt. 240). On August 13, 2013, Judge McCarthy issued a Report and Recommendation recommending denial of summary judgment with respect to Plaintiff's remaining claims[2] for alleged violation of the New York Truth-in-Storage Act, conversion, and intentional torts. (Dkt. 247).

On September 13, 2013, Defendant filed objections to the Report and Recommendation. (Dkt. 250). Defendant contends that it cannot be held liable for the actions of Advanced Moving & Storage, LLC ("Advanced") because Advanced was an independent contractor. (Dkt. 250-2 at 2).

This case was transferred to the undersigned on January 30, 2015. (Dkt. 275).

For the reasons set forth below, the Court adopts the Report and Recommendation in full. Defendant's motion for summary judgment (Dkt. 235) is denied in its entirety.

---

[2] Some of Plaintiff's claims were dismissed by Judge Arcara by Decision and Order dated August 5, 2009, following Defendant's motion to dismiss. (Dkt. 67).

## BACKGROUND

The factual and procedural background of this case is set forth in detail in the Report and Recommendation. (*See* Dkt. 247 at 1-6). Familiarity with the Report and Recommendation is assumed for purposes of this Decision and Order.

## DISCUSSION

### I. Standard of Review

"Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections have been made." *Crowe v. Leroy Cent. Sch. Dist.*, 949 F. Supp. 2d 435, 438 (W.D.N.Y. 2013). The Court must therefore consider *de novo* whether Defendants are entitled to summary judgment with respect to Plaintiff's Truth-in-Storage Act, conversion, and intentional tort claims. "The Court reviews unobjected-to findings for clear error." *Am. Ins. Co. v. City of Jamestown*, 914 F. Supp. 2d 377, 384 (W.D.N.Y. 2012).

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be granted if the moving party establishes "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."). The Court should grant summary judgment if, after considering the evidence in the light most favorable to the nonmoving party, the court finds that no

rational jury could find in favor of that party. *Scott v. Harris*, 550 U.S. 372, 380 (2007) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)).

Once the moving party has met its burden, the opposing party "'must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with specific facts showing that there is a *genuine issue for trial*.'" *Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir. 2002) (quoting *Matsushita Elec.*, 475 U.S. at 586-87) (emphasis in original). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. . . ." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original).

## II. Truth-in-Storage Act Claim

New York's Truth-in-Storage Act provides: "[a]ny consumer bailor damaged by an unlawful detention of his goods or any other violation of this article may bring an action for recovery of damages and the return of his goods." N.Y. Gen. Bus. Law § 609(1).

### A. Defendant May be Held Vicariously Liable for Advanced's Unlawful Detention of Plaintiff's Goods

Plaintiff argues that Defendant is responsible for Advanced's unlawful detention of her personal property, insofar as Advanced would not release Plaintiff's property without requiring a fee, and had not listed numerous items of Plaintiff's property on its inventory list, suggesting that the items were lost or stolen. (Dkt. 241 at 13-14, 21-23).

Defendant's primary objection is that it may not be held liable for the actions or inactions of Advanced, an independent contractor. (Dkt. 250-2 at 8-9).

"[I]t has been clear in New York that a marshal has the right to remove a tenant's property of value still left in an apartment more than 72 hours after the tenant has been served with a warrant of eviction. If such property is removed by the marshal at the landlord's request or by the landlord, the landlord is responsible for the cost of storing the property for a reasonable period until it is claimed by the tenant." *Wilson v. CRL Mgm't, Inc.*, 14 Misc. 3d 231, 232-33 (Rochester City Ct. 2006). Not only is the landlord responsible for the cost of storage, but the landlord is required to "safeguard or store items of value left in the leased premises at the time of the execution of the warrant of eviction." *Id.*; *see Young v. Warehouse No. 2 Inc.*, 143 Misc. 2d 350, 352 (N.Y. Civ. Ct. 1989) (where evicted tenant's property stored by landlord and city marshal at warehouse, landlord rather than tenant must pay for storage).

Defendant had a duty to safeguard Plaintiff's property and hired Advanced to carry out the moving and storage of Plaintiff's property. "[S]ince the landlord hired the moving company, it becomes the agent of the landlord, who is thus responsible for such party's improper removal of plaintiff's property." *Marcado v. Weinheim*, 108 Misc. 2d 81, 84 (N.Y. Civ. Ct. 1981).

Defendant contends that it did not have an agency relationship with Advanced because Advanced was an independent contractor. However, even if Advanced is considered to be an independent contractor, Defendant may be liable for the alleged

negligent hiring and/or supervising of Advanced when it executed the removal and storage of Plaintiff's property.

"As a general rule, a principal is not liable for the acts of an independent contractor because, unlike the master-servant relationship, principals cannot control the manner in which independent contractors perform their work." *Saini v. Tonju Assoc.*, 299 A.D.2d 244, 245 (1st Dep't 2002). However, "a party may be held liable for a contractor's negligence under theories of negligent hiring, negligent retention, and negligent supervision." *Bellere v. Gerics*, 304 A.D.2d 687, 688 (2d Dep't 2003).

"To hold a party liable under theories of negligent hiring, negligent retention, and negligent supervision, a plaintiff must establish that the party knew or should have known of the contractor's propensity for the conduct which caused the injury." *Id.* at 688. Here, Plaintiff has presented copies of six letters that allegedly placed Defendant on notice that Advanced was not licensed, had not made the proper disclosures under the Truth-in-Storage Act, and was failing to produce Plaintiff's property. (Dkt. 241-1 at 13-18). The Court agrees with the Report and Recommendation that the fact that Advanced's license to transport household goods was suspended "raises an issue as to whether JPMC was negligent in its selection of Advanced to perform the removal and storage of plaintiff's property." (Dkt. 247 at 10-11).

There is also a question of fact for a jury as to whether Defendant was negligent in its supervision of Advanced in light of Defendant's failure to even respond to Plaintiff's concerns over Advanced's failure to turn over her property without imposing a fee. Plaintiff testified that when she requested her toolbox from Advanced and objected to

paying $500 to release it, Advanced's representative Lisa telephoned JPMC's representative so Plaintiff could schedule a meeting. (Dkt. 234 at 86). When Plaintiff met with JPMC's representative and asked for the return of property held by Advanced, Plaintiff claims the representative said "it's done. . . it's not my business anymore" and indicated that Plaintiff should "talk to the moving company directly." (*Id.* at 86-88). If Advanced's representative did respond to Plaintiff's requests by seeking the intervention of JPMC's representative, this raises a fact issue for the jury as to the supervisory nature of the relationship between JPMC and Advanced.

Defendant also objects to Plaintiff's Truth-in-Storage Act claims on the grounds that the eviction action was not unlawful and therefore could not "serve as the basis for a claim. . . ." (Dkt. 250-2 at 5). However, with respect to Plaintiff's Truth-in-Storage Act claim, as noted by the Report and Recommendation, even if the eviction was proper, there is an issue of fact as to whether Advanced acted in a lawful manner once it obtained possession of the property and whether Defendant is responsible for that conduct. (Dkt. 247 at 9-12).

### B. There is a Question of Fact as to Whether Plaintiff Received the Notification Required by the Truth-in-Storage Act

The Truth-in-Storage Act also provides:

> When a warehouseman accepts household goods for storage on behalf of a consumer bailor after a warrant of eviction has been executed . . . the warehouseman shall within three days after receipt of the goods mail a copy of a statement containing the disclosure required by subdivisions one, two and three of this section to the consumer bailor by registered or certified mail at his last known residence.

N.Y. Gen. Bus. Law § 607(4); *see Reichman v. Warehouse One, Inc.*, 173 A.D.2d 250, 251-52 (1st Dep't 1991) (issuing bench trial verdict in favor of plaintiff when defendant warehouse failed to timely notify plaintiff that it was in possession of her property). Plaintiff testified that she was never contacted by Advanced, but instead had to seek out the inventory of items stored by Advanced and location of the storage unit. (Dkt. 234 at 39-40, 60-61). Defendant acknowledges that Plaintiff did not receive an inventory of her stored property until her third visit to the Advanced storage facility. (Dkt. 233-2 at 5). Plaintiff asserts that she requested a copy of the inventory from Defendant as well, but that her requests were ignored. (Dkt. 241 at 8, 23; Dkt. 241-1 at 13-18). Defendant does not respond to this argument. Instead, Defendant focuses its argument on its contention that it cannot be held liable for the actions of Advanced. (Dkt. 242 at 6-7).

As noted above, Defendant may be liable for the actions of Advanced, depending on the resolution of the factual disputes. Because there are outstanding issues of fact most appropriately considered by a jury with respect to Plaintiff's Truth-in-Storage Act claim, the Court adopts the Report and Recommendation denying Defendant's motion for summary judgment as to the claim.

### III. Conversion Claim

"A conversion takes place when someone, intentionally and without authority, assumes or exercises control over personal property belonging to someone else, interfering with that person's right of possession." *Colavito v. N.Y. Organ Donor Network, Inc.*, 8 N.Y.3d 43, 49-50 (2006). "'Two key elements of conversion are (1) plaintiff's possessory right or interest in the property and (2) defendant's dominion

over the property or interference with it, in derogation of plaintiff's rights.'" *Pappas v. Tzolis*, 20 N.Y.3d 228, 234 (2012) (quoting *Colavito*, 8 N.Y.3d at 50).

In this case, Judge McCarthy found that Plaintiff's claims that Defendant did not allow her to take "her personal properties including woodstove, gas heater, chandelier, large dog kennel, garden windmill, etc." (Dkt. 1 at ¶ 9) were separate and distinct from any claims that items were removed by Advanced and placed in storage, and because Defendant failed to dispute this aspect of Plaintiff's version of events, Defendant's motion with respect to Plaintiff conversion claim should be denied. (Dkt. 247 at 7).

Upon *de novo* review and having reviewed the parties' submissions, the Court adopts the Report and Recommendation on Plaintiff's conversion claim.

Defendant argues that it is "[o]f extreme importance . . . that JPMC is not itself alleged to have converted or otherwise unlawfully detained Plaintiff's personal property." (Dkt. 250-2 at 2). Defendant is incorrect in this assertion. Plaintiff plainly maintains that Defendant unlawfully converted her personal property by claiming her woodstove, gas stove, curtains, two chandeliers, large dog kennel, portable garden windmill, cooking stove, security video camera network, and other items as part of the property. (Dkt. 241 at 16; Dkt. 234 at 32-33, 87-88). In other words, these items were apparently never removed from the property and placed in storage with Advanced.

Defendant now for the first time argues that these items were permanent fixtures that properly became part of the realty. (Dkt. 250-2 at 15). "[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were

not." *Sci. Components Corp. v. Sirenza Microdevices, Inc.*, No. 03 Civ. 1851, 2006 WL 2524187, at *2 (E.D.N.Y. Aug. 30, 2006). In any event, there is a question of fact as to whether the properties at issue – such as the curtains or portable garden windmill – constitute fixtures. *See Matter of Metromedia Inc. v. Tax Comm. of City of N.Y.*, 60 N.Y.2d 85, 90 (1983) ("To meet the common-law definition of a fixture, the personalty in question must: (1) be actually annexed to real property or something appurtenant thereto; (2) be applied to the use or purpose to which that part of the realty with which it is connected is appropriated; and (3) be intended by the parties as a permanent accession to the freehold."); *Nextel of N.Y., Inc. v. Assessor for Vill. of Spring Valley*, 4 Misc. 3d 223, 243 (N.Y. Sup. Ct. 2004) (same).

Defendant notes that Plaintiff's complaint also alleges conversion of personal items not affixed to the property, such as cash, a Rolex watch, jewelry, a digital camera, and more, but without citing to any case law argues that these claims are abandoned because Plaintiff did not address these items in her opposition to the motion for summary judgment. (Dkt. 250-2 at 15). In fact, Plaintiff's complaint does list additional property that she claims was improperly converted by Defendant, through Advanced, because the items were missing from the inventory. (Dkt. 1 at ¶¶ 23-24). Contrary to Defendant's argument, Plaintiff does refer to the loss of her personal property and even references her cash and jewelry box in her memorandum in opposition to summary judgment. (Dkt. 241 at 22, 30-31). Additionally, Plaintiff plainly referred to the loss of these personal properties during her deposition testimony. (Dkt. 234 at 33, 35, 72-83). Accordingly, these items are included in the property alleged to have been converted by Defendant

through Advanced and Plaintiff's claim of conversion with respect to these properties has not been abandoned.

Defendant also argues that it should be insulated from liability on Plaintiff's conversion claim with respect to her personal property because "its detention of Plaintiff's property via Advanced was authorized by a valid judgment and warrant of the Corning City Court, and . . . JPMC cannot be held liable for the actions of Advanced as an independent contractor." (Dkt. 250-2 at 14).

Plaintiff's claim with respect to her personal property does not stem from the eviction and removal of the property itself, but rather the alleged mishandling and improper retention of Plaintiff's property by Advanced. In some instances, there may be a basis for a conversion claim where a party fails to return property to the proper owner. *See Dupree v. UHAB-Sterling Street Housing Development Fund Corp.*, No. 10-CV-1894(JG)(JO), 2012 WL 3288234, at *11 (E.D.N.Y. Aug. 10, 2012) (denying defendant's motion for summary judgment on plaintiff's conversion claim where there was a genuine issue of fact as to when plaintiff first demanded the return of his property, and where plaintiff challenged "not just the removal and storage of his property, but the subsequent loss of the property at auction without having been afforded the opportunity to recover it."); *Miller v. Marchuska*, 819 N.Y.S.2d 591, 593-94 (3d Dep't 2006) ("Plaintiff established that he is the owner of the subject personal property, defendants had such property in their possession and they refused to return the property to him upon his demand. Accordingly, plaintiff has established a prima facie case for conversion unless a lien or liens existed granting defendants superior possessory rights."); *Bos. Concessions*

*Grp., Inc. v. Criterion Ctr. Corp.*, 673 N.Y.S.2d 111, 112-13 (1st Dep't 1998) ("[S]o much of the conversion claim as relates to the nonreturn of papers and warranties is viable, the deposition testimony establishing that plaintiff did demand the return of these items and that defendant or its agent refused to do so."). *Cf. Priester v. R.F.H. Realty Corp.*, 13 Misc. 2d 446, 446 (2d Dep't 1958) ("The eviction did not constitute a conversion of plaintiff's goods; neither did the subsequent storage of them in the basement. The loss or damage, if any caused by flood was accidental and did not constitute conversion.").

Although Advanced may have had a valid lien on Plaintiff's personal property after the property had not been claimed for some period of time, *see Peller v. Approved Moving*, 803 N.Y.S.2d 20, 20 (N.Y. Sup. Ct. 2005), there is a question of fact as to whether Advanced had any valid lien on Plaintiff's property at the time it allegedly refused to turn over Plaintiff's property without payment of a fine. This failure to redeliver goods to the person entitled to their return may constitute conversion. *See I.C.C. Metals, Inc. v. Mun. Warehouse Co.*, 50 N.Y.2d 657, 662 (N.Y. 1980) ("Hence, a warehouse which fails to redeliver goods to the person entitled to their return upon a proper demand, may be liable for either negligence or conversion, depending upon the circumstances.").

For the reasons set forth in the Report and Recommendation as well as the additional foregoing reasons, Defendant's motion for summary judgment is denied as to Plaintiff's conversion claim.

## IV. Intentional Tort Claim

Defendant argues "[t]o the extent Plaintiff seeks to hold JPMC liable for the allegedly wrongful act of the moving and storage company in requiring Plaintiff to retrieve all of her personal property at one time, JPMC cannot be liable because the moving and storage company was an independent contractor over whom JPMC exercised no control." (Dkt. 250-2 at 16). Defendant has merely repeated its failed arguments with respect to the conversion and Truth-in-Storage Act claims.

"In eviction cases, it would appear that the period [to store property] would usually be 30 days and that the tenant, at any time during the period could go to the warehouse and claim his possessions without having to pay any charges." *Young*, 143 Misc. 2d at 352. Here, according to Plaintiff's sworn testimony, she was not permitted to claim her possessions within the first 30 days of storage without paying a fee. (Dkt. 234 at 44-45). Defendant contends that Plaintiff was provided an opportunity to claim her property so long as she did not claim it in a piecemeal fashion, and therefore there was no intentional unlawful retention of Plaintiff's property. (Dkt. 236 at 14-15; Dkt. 250-2 at 12, 16). There is a question of fact as to whether Plaintiff was permitted to reclaim her personal property without having to pay any charges within the first 30 days of storage. Therefore, the Court adopts the Report and Recommendation to deny Defendant's motion for summary judgment with respect to the intentional tort claim.

## CONCLUSION

For the reasons discussed above, the Court adopts the Report and Recommendation (Dkt. 247) in full. Defendant's motion for summary judgment (Dkt. 235) is denied in its entirety.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: September 22, 2015
Rochester, New York