UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



---

BILLIAN JO, *as Personal Representative of the Estate of Mee Jin-Jo*,

        Plaintiff,

v.

JPMC SPECIALTY MORTGAGE, LLC,

        Defendant.

**DECISION AND ORDER**

1:08-CV-00230 EAW

---

## **INTRODUCTION**

Mee Jin-Jo, now deceased and represented in this action by her daughter and personal representative Billian Jo ("Plaintiff"),[1] commenced this *pro se* lawsuit on March 18, 2008, alleging that JPMC Specialty Mortgage, LLC ("Defendant") improperly retained control over her property after she was evicted as a no-fault tenant from her residence. (Dkt. 1). The Court held a jury trial commencing on June 18, 2018. (Dkt. 365). The jury returned a "no cause of action" verdict on June 21, 2018 (Dkt. 372), and judgment was entered in Defendant's favor the same day (Dkt. 373).

Presently before the Court is Plaintiff's motion for a new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure. (Dkt. 375). Plaintiff takes issue with a number of evidentiary rulings and other determinations made by the Court throughout trial. (Dkt.

---

[1] On October 2, 2013, representatives of Mee Jin-Jo filed a notice of her death. (Dkt. 252). On December 19, 2014, Sughe Jo was permitted to proceed on behalf of Mee Jin-Jo's estate. (Dkt. 270). On June 15, 2015, the Court granted a motion to substitute Billian Jo as the personal representative of the estate of Mee Jin-Jo. (Dkt. 287).

- 1 -

375-2). Defendant opposes Plaintiff's motion (Dkt. 379), and Plaintiff has filed reply papers (Dkt. 380). For the following reasons, Plaintiff's motion is denied.

## DISCUSSION

### I. Legal Standard

Fed. R. Civ. P. 59(a)(1)(A) provides that a court "may, on motion, grant a new trial on all or some of the issues—and to any party—as follows: . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." "Essentially, to grant a Rule 59 motion, a district court 'must conclude that the jury has reached a seriously erroneous result or the verdict is a miscarriage of justice, *i.e.*, it must view the jury's verdict as against the weight of the evidence.'" *Greenaway v. County of Nassau*, 327 F. Supp. 3d 552, 560 (E.D.N.Y. 2018) (quoting *Maureen Christensen v. County of Dutchess, N.Y.*, 548 F. App'x 651, 653 (2d Cir. 2013)); *see Manley v. AmBase Corp.*, 337 F.3d 237, 245 (2d Cir. 2003) (same).

"[E]rroneous evidentiary rulings may furnish a basis for granting a post-verdict motion for a new trial under Rule 59." *Dreyer v. Ryder Auto. Carrier Grp., Inc.*, No. 98-CV-82A, 2008 WL 754113, at *2 (W.D.N.Y. Mar. 19, 2008) (quoting *LNC Invs., Inc. v. First Fidelity Bank*, 126 F. Supp. 2d 778, 787 (S.D.N.Y. 2001)). However, "[a] trial court has considerable discretion in determining whether to admit or exclude evidence." *Mem'l Drive Consultants, Inc. v. ONY, Inc.*, No. 96-CV-0702E(F), 2001 WL 241781, at *6 (W.D.N.Y. Mar. 7, 2001) (citing *Barrett v. Orange Cty. Human Rights Comm'n*, 194 F.3d 341, 346 (2d Cir. 1999)), *aff'd*, 29 F. App'x 56 (2d Cir. 2002); *see Pace v. Nat'l R.R. Passenger Corp.*, 291 F. Supp. 2d 93, 97 (D. Conn. 2003) ("Evidentiary rulings are

reviewed for an abuse of discretion."). Accordingly, "[a] motion for new trial on the basis of improper evidentiary rulings will be granted only where the improper ruling affects a substantial right of the moving party." *Mem'l Drive Consultants, Inc. v. ONY, Inc.*, 29 F. App'x 56, 61 (2d Cir. 2002) (citing *Malek v. Fed. Ins. Co.*, 994 F.2d 49, 55 (2d Cir. 1993)). "Whether a 'substantial right' has been invaded is dependent on the circumstances of the case, and the proceedings will not be disturbed, on post-trial motion in the district court or on appeal, unless any error of the court was truly harmful." *LNC Invs., Inc.*, 126 F. Supp. 2d at 787 (quoting Wright & Miller, *Fed. Prac. & Proc.* § 2885 pp. 453-54 (1995)).

## II. <u>Plaintiff Has Failed to Demonstrate that a New Trial is Warranted</u>

Plaintiff does not challenge the jury's resolution of the evidence presented at trial. (Dkt. 380 at 11 ("Plaintiff is not questioning the jury's verdict.")). In other words, Plaintiff does not challenge the weight the jury gave to the evidence presented at trial. Instead, Plaintiff identifies several issues that she contends prejudiced her ability to present a complete case to the jury.

As an initial matter, Plaintiff fails to provide citations to any relevant excerpts of the trial or pretrial records and appears to submit her motion based upon her own recollection of the various arguments presented and rulings issued at trial and the pretrial conference. Generally speaking, specific reliance upon the trial transcript is necessary to demonstrate one's entitlement to relief on a Rule 59 motion based upon determinations made at trial. *See Ayala v. Rosales*, No. 13 C 4425, 2015 WL 4127915, at *1 (N.D. Ill. July 8, 2015) (noting that "while the Court has attempted to the best of its ability to address [p]laintiff's claims on the merits," the plaintiff's "failure to provide all of the necessary record citations

makes it impossible for this Court to properly address his claims of error," and thus, "any arguments lacking necessary record support are, in the first instances, denied as waived"); *Ratliff v. City of Chicago*, No. 10-CV-739, 2013 WL 3388745, at *1 (N.D. Ill. July 8, 2013) (on a motion for a new trial, "to the extent that citation to the record would be necessary to support a position, [d]efendants' failure to cite to the trial record or the pretrial conference record will not be excused"); *Parr v. Nicholls State Univ.*, No. CIV.A. 09-3576, 2012 WL 1032905, at *3 (E.D. La. Mar. 27, 2012) (denying the motion for a new trial, noting that "without the benefit of citation to the trial transcript, the Court has no basis for determining that any error occurred"); *Terranova v. Torres*, No. 04-CV-2129 (CS), 2010 WL 11507383, at *4 (S.D.N.Y. June 23, 2010) (declining to grant the plaintiffs' motion for a new trial based upon challenged evidentiary rulings where the plaintiff failed to "cite pertinent sections of the trial transcript so as to identify the particular evidentiary rulings to which he refers, and does not provide any legal support for his arguments"), *aff'd sub nom. Terranova v. New York*, 676 F.3d 305 (2d Cir. 2012); *Warren v. Thompson*, 224 F.R.D. 236, 240 n.7 (D.D.C. 2004) ("A trial court is not required to parse through transcripts in an effort to identify the grounds of a post-trial motion." (quotation omitted)), *aff'd sub nom. Warren v. Leavitt*, 264 F. App'x 9 (D.C. Cir. 2008). Nonetheless, the Court has considered the arguments raised in Plaintiff's post-verdict motion and finds that they do not demonstrate entitlement to a new trial.

For example, Plaintiff takes issue with several rulings precluding certain valuations of the personal property allegedly converted by Defendant. (*See, e.g.*, Dkt. 375-2 at 28-31). While the Court maintains that its trial and pretrial rulings were correct, because the

jury issued a "no cause of action" verdict, and never reached the issue of damages, even assuming that such valuations should not have been excluded, any resulting error is harmless because their submission to the jury would not have influenced the verdict. *See Heinemann v. Comput. Assocs. Int'l, Inc.*, 319 F. App'x 591, 597 (9th Cir. 2009) (stating that any error caused by the preclusion of "evidence regarding [the plaintiff's] claims for emotional distress and punitive damages . . . must be harmless because the jury never reached the question of damages"); *Church Ins. Co. v. Trippe Mfg. Co.*, 250 F. App'x 420, 422 (2d Cir. 2007) (stating that any error in the admission of "evidence concerning the amount of fire insurance compensation received by the Cathedral" would have "inevitably been harmless since the jury never reached the question of damages"); *Tompkin v. Philip Morris USA, Inc.*, 362 F.3d 882, 901 (6th Cir. 2004) ("To the extent that the evidence relates to punitive damages, any error was harmless as the jury did not reach the issue of damages."); *Mraovic v. Elgin, Joliet & E. Ry. Co.*, 897 F.2d 268, 271 (7th Cir. 1990) ("[P]resentation of evidence regarding the scope and effect of Mraovic's injuries assists the jury only in determining damages. As a matter of law, such testimony cannot be presumed to have any material effect on the jury's ruling on liability. Because the jury found Elgin not liable, the jury never reached the damages issue and the sanction was irrelevant." (citation omitted)); *accord In re Fosamax Prod. Liab. Litig.*, 509 F. App'x 69, 73 (2d Cir. 2013) ("Because the jury found Merck not liable, it never reached the issue of damages. Accordingly, the failure to instruct on aggravation of a preexisting injury did not affect the jury's verdict.").

Plaintiff also takes issue with what she perceives as inconsistencies between the Court's evidentiary rulings at trial and the decisions issued on the parties' motions *in limine*. (*See, e.g.*, Dkt. 375-2 at 4-5, 7). The denial of a motion *in limine* to preclude evidence in no way eliminates the proponent's burden to lay a proper evidentiary foundation and otherwise demonstrate the admissibility of that evidence at trial. *See Jimenez v. Hernandez*, No. CIV. 06-1501 GAG, 2009 WL 921289, at *1 (D.P.R. Mar. 31, 2009) (denying the defendant's motion *in limine* but explaining that "[t]his, of course, does not exempt in any way plaintiffs' burden a trial of having to lay the proper foundation" and demonstrate the relevance of the proffered evidence); *Sanchez v. Echo, Inc.*, No. CIV. 06-787, 2008 WL 2951339, at *2 (E.D. Pa. Jan. 9, 2008) (denying the plaintiff's motion *in limine* but reminding the defendants "that laying a proper foundation is a necessary precondition of the admissibility of such testimony at trial"). Nor does it preclude a defendant from raising additional objections to the admission of such evidence at the time it is proffered. *See Saenz v. Reeves*, No. 1:09-CV-00057-BAM PC, 2013 WL 2481733, at *8 (E.D. Cal. June 10, 2013) (denying the defendant's motion *in limine* to exclude certain documents but noting that the defendant "is entitled to object to the admission of these documents at trial on other grounds"); *Occidental Fire & Cas. of N.C. v. Intermatic Inc.*, No. 2:09-CV-2207 JCM VCF, 2013 WL 4499005, at *3 (D. Nev. Aug. 15, 2013) (denying an "aspect of plaintiff's motion *in limine*," and noting that the "defendants may attempt to lay a proper foundation for this evidence at trial" and the plaintiff "may object at that time if it is so inclined"). Accordingly, there is no inconsistency or unfair "surprise" arising

from the Court's preclusion or redaction of evidence not otherwise deemed inadmissible before trial.

Plaintiff further contends that the presence of Diane Tiberend ("Tiberend"), acting as Defendant's client representative, was prejudicial to her case. (Dkt. 375-2 at 13-14). Tiberend was permitted to sit with Defendant's counsel as a corporate representative pursuant to Fed. R. Evid. 615. Rule 615 provides that while "the court must order witnesses excluded so that they cannot hear other witnesses' testimony," the Court is not authorized to exclude "an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney." Fed. R. Evid. 615(b). The relationship between AMC Mortgage Services, Inc. and Defendant permitted Defendant's counsel to denote Tiberend as an appropriate corporate representative. (*See* Dkt. 335-1). That Tiberend was also called as a fact witness for Defendant did not prevent Defendant from designating her as its sole corporate representative during trial, nor did it inhibit her from assisting Defendant's counsel of record in trying the case. *See RMH Tech LLC v. PMC Indus., Inc.*, No. 3:18-CV-543 (VAB), 2018 WL 5095676, at *4-5 (D. Conn. Oct. 19, 2018) (noting that the Second Circuit has "held that a corporate representative who is an expert witness may be permitted to remain in the courtroom during testimony," and permitting a designated corporate representative "who is a fact witness to remain in the courtroom during the entire trial" (citing *Trans World Metals, Inc. v. Southwire Co.*, 769 F.2d 902, 910-11 (2d Cir. 1985))); *Minebea Co. v. Papsti*, 374 F. Supp. 2d 231, 237 (D.D.C. 2005) ("As for Mr. Kessler, he was proffered as Papst's corporate representative . . . at a recent status conference. He is Mr. Papst's personal lawyer, but is not an attorney of

record. . . . He is, however, also in-house counsel to Papst, and has been since 1998. The Court concludes that he therefore may be designated as Papst's corporate representative.").

Plaintiff again repeats her argument that Defendant's counsel fabricated a response to Mee Jin-Jo's request for admissions, filed during discovery, because he produced no certificate of service demonstrating that Defendant's response had ever been timely served. (Dkt. 375-2 at 21-23). However, Defendant's counsel, as an officer of the court, provided the Court with a declaration affirming that the responses were timely served upon Mee Jin-Jo on June 9, 2011, at the time she was still party plaintiff to this action. (Dkt. 355; *see* Dkt. 379-5 at 13). The Court is "entitled to 'rel[y] upon the presumption that attorneys, as officers of the court, make truthful representations to the court.'" *United States v. Vendetti*, No. 10-CR-00360-RJA-JJM, 2013 WL 5522860, at *13 (W.D.N.Y. Jan. 22, 2013) (quoting *United States v. Melton*, No. CR. 04-40043-011-JLF, 2006 WL 1722379, at *2 (S.D. Ill. June 21, 2006)), *report and recommendation adopted*, 2013 WL 5522434 (W.D.N.Y. Oct. 3, 2013); *see United States v. Johns*, 336 F. Supp. 2d 411, 424 (M.D. Pa. 2004) ("The court is entitled to rely on the representations of counsel, as officers of the court. . . ."); *see also Theodore v. State of N.H.*, 614 F.2d 817, 822 (1st Cir. 1980) ("Attorneys are officers of the court and a judge has the right, in most circumstances, to rely on their representations to him."). Moreover, Plaintiff was not litigating this case at the time the request for admissions was filed and the responses were served, and thus, she has no personal knowledge of whether the responsive document was, in fact, ever served. Accordingly, her contention that Defendant's counsel has only now fabricated this document in response to her arguments is speculative at best.

Plaintiff also contends that she was cross-examined using her own deposition transcript that she never had an opportunity to review before trial. (Dkt. 375-2 at 20-21). Plaintiff was deposed less than 30 days before the trial began, and, according to Defendant, Defendant's counsel emailed her a copy of her deposition transcript on June 8, 2018, ten days before the trial commenced. (Dkt. 379-4; *see* Dkt. 379-5 at 12-13). In her reply papers, Plaintiff does not contend that she never received this email; rather, she argues that "Defendant's email was not properly served." (Dkt. 380 at 17). The Court addressed this issue during the trial, and without the benefit of the trial transcript, it is challenging for the Court to sort through Plaintiff's allegations. However, and in any event, "[t]he burden of showing the harmful error rests with the moving party" on a motion for a new trial. *Hardy v. Saliva Diagnostic Sys., Inc.*, 52 F. Supp. 2d 333, 340 (D. Conn. 1999); *see Henry v. Tracy*, No. 10CV800, 2014 WL 3558021, at *4 (W.D.N.Y. July 18, 2014) (same), *aff'd*, 629 F. App'x 26 (2d Cir. 2015). Because Plaintiff has not established how at all she was prejudiced by the alleged late service of her deposition transcript, the Court finds no reason to grant her request for a new trial on this ground and if there was any error, it was harmless.

To the extent Plaintiff argues that it was improper for the undersigned to caution Plaintiff when she was testifying during trial (Dkt. 375-2 at 31-34), Plaintiff's contentions provide no basis for a new trial. The Court has the authority to exercise reasonable control over the mode and order of how evidence is presented at trial. *See* Fed. R. Evid. 611(a) (providing that the "court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to: . . . make those procedures effective for determining the truth . . . avoid wasting time . . . [and] protect witnesses from

harassment or undue embarrassment"). Moreover, the challenged statements occurred outside the presence of the jurors and had no impact on their view of the case. The Second Circuit has observed that in presiding over a trial, a district judge "acts as more than a mere moderator or umpire. [Her] function is to set the tone of the proceedings and exercise sufficient control to insure that the trial will be an orderly one in which the jury will have the evidence clearly presented." *See Anderson v. Great Lakes Dredge & Dock Co.*, 509 F.2d 1119, 1131 (2d Cir. 1974) (citations omitted). "[T]he judge's role is 'to see that the law is properly administered, and it is a duty which he cannot discharge by remaining inert.'" *Rivas v. Brattesani*, 94 F.3d 802, 807 (2d Cir. 1996) (quoting *Care Travel Co., Ltd. v. Pan Am. World Airways, Inc.*, 944 F.2d 983, 991 (2d Cir. 1991)).

To the extent Plaintiff also submits "new evidence" in support of her motion for a new trial (*see* Dkt. 375-2 at 5; Dkt. 375-3 at 19-35), Plaintiff has failed to demonstrate why this evidence was not previously discoverable with due diligence, and thus, the Court fails to see how it warrants a new trial, *see, e.g., Chang v. City of Albany*, 150 F.R.D. 456, 460 (N.D.N.Y. 1993) ("A party must show that (1) the evidence was discovered since the trial; (2) the movant used due diligence in attempting to find the evidence; (3) the evidence is material; (4) the evidence is not merely cumulative or impeaching; and (5) the evidence is such that it will probably produce a different result upon a new trial.").

Additionally, despite Plaintiff's suggestion to the contrary, no expert witness testimony was elicited at trial from Jordan Manfro. "Lay opinion testimony is governed by Rule 701 and 'must be rationally based on the perception of the witness.'" *In re Methyl Tertiary Butyl Ether (MTBE) Prod. Liab. Litig.*, 279 F.R.D. 131, 133-34 (S.D.N.Y. 2011)

(quoting *United States v. Glenn*, 312 F.3d 58, 67 (2d Cir. 2002)). "It is well-established that attorneys may testify as fact witnesses regarding their personal knowledge of the events in question." *Queen v. Schultz*, 310 F.R.D. 10, 26 (D.D.C. 2015), *aff'd*, 671 F. App'x 812 (D.C. Cir. 2016); *see Jicarilla Apache Nation v. United States*, 88 Fed. Cl. 1, 37 n.2 (2009) ("There is wide support in the [c]ase law for the view that an attorney may testify when he has personal knowledge as a fact witness." (collecting cases)); *accord Ramey v. Dist. 141, Int'l Ass'n of Machinists & Aerospace Workers*, 378 F.3d 269, 282 (2d Cir. 2004) (denying motion for new trial where an attorney was allowed to "testify merely to facts of which he had personal knowledge"). Manfro was called to testify as an attorney associated with the law firm that was involved in the foreclosure process underlying this case and testified as to the practices and procedures followed by his firm during an eviction. Given his personal knowledge of his employer's procedures, his testimony was a permissible lay opinion, and thus, no expert disclosure was required. *See generally Hispanic Circus, Inc. v. Rex Trucking, Inc.*, 414 F.3d 546, 551-52 (5th Cir. 2005) ("Rule 701 does not exclude testimony by corporate officers or business owners on matters that relate to their business affairs, such as industry practices and pricing."); *New Show Studios LLC v. Needle*, No. 2:14-CV-01250-CAS-MRWx, 2014 WL 12495640, at *12 (C.D. Cal. Dec. 29, 2014) (explaining that "opinion testimony of an officer of a business about that business is admitted not because of, training, or specialized knowledge within the realm of an expert, but because of the particularized knowledge that the witness has by virtue of his or her position in the business" (quotation omitted)).

The Court has reviewed the balance of Plaintiff's remaining challenges and finds no reason to conclude that its initial rulings were incorrect. "To the extent that [Plaintiff] seek[s] to rely upon prior arguments made during trial, those arguments are rejected for the reasons already articulated by this Court in connection with its earlier rulings." *Dreyer*, 2008 WL 754113, at *2; *see Ayazi v. N.Y.C. Bd. of Educ.*, No. 98-CV-7461 (MKB), 2013 WL 12366390, at *3 (E.D.N.Y. Feb. 4, 2013) (denying the plaintiff's motion for a new trial where she was "advancing the same arguments made at trial").

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion for a new trial (Dkt. 375) is denied.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: March 28, 2019
Rochester, New York